UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRIDGET SANDERSON,

                 Plaintiff,

v.                                      5:08-CV-1177
                                         (GTS/VEB)

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                 Defendant.
_____

APPEARANCES:                                  OF COUNSEL:

OLINSKY & SHURTLIFF LLC                       JAYA SHURTLIFF, ESQ.
   Counsel for Plaintiff
300 South State Street, 5th Floor
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION                ANDREEA L. LECHLEITNER, ESQ.
OFFICE OF REGIONAL GEN. COUNSEL
   Counsel for Defendant
26 Federal Plaza – Room 3904
New York, New York 10278

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

     Currently before the Court in this action, filed by Bridget Sanderson ("Plaintiff") against Social Security Commissioner Michael J. Astrue ("Defendant") pursuant to 42 U.S.C. § 405(g) seeking Social Security benefits, are the following: (1) Plaintiff's motion for judgment on the pleadings (Dkt. No. 10); (2) Defendant's motion for judgment on the pleadings (Dkt. No. 12); and (3) the Report-Recommendation of United States Magistrate Judge Victor E. Bianchini, issued pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 72.3(c) of the Local Rules of Practice for this Court, recommending that (a) Plaintiff's motion for judgment on the

pleadings be granted, (b) Defendant's motion for judgment on the pleadings be denied, (c) Defendant's decision denying disability benefits be reversed, and (d) the case be remanded to Defendant for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) (Dkt. No. 15). For the reasons set forth below, Magistrate Judge Bianchini's Report-Recommendation is accepted and adopted in its entirety; Plaintiff's motion for judgment on the pleadings is granted; Defendant's motion for judgment on the pleadings is denied; Defendant's decision denying disability benefits is reversed; and the case is remanded to Defendant for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## I. RELEVANT BACKGROUND

### A. Procedural History

Because neither party has objected to Part II of Magistrate Judge Bianchini's Report-Recommendation, which sets forth the procedural background of this action, the Court adopts that description of this action's procedural background. (*See generally* Dkt. No. 15, at II [Report-Rec].)

More specifically, on November 28, 2005, Plaintiff applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act based on medical impairments which left her unable to work. (*See* Administrative Transcript ["T."] at 62-66, 225-227.)[1] In February 2006, her application was denied by the Social Security Administration. (T. at 228.) On January 9, 2008, a hearing was held before an Administrative

---

[1] "To be eligible for disability insurance benefits, a claimant must establish an 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months.'" *Dixie v. Comm'r of Soc. Sec*., 05-CV-0345, 2008 WL 2433705 at *7 (N.D.N.Y. June 12, 2008) (Mordue, J.) (citation omitted).

Law Judge ("ALJ") of the Social Security Administration.  (T. at 230.)

On May 14, 2008, the ALJ issued his decision denying Plaintiff's applications.  (T. at 22-30.)  In his decision, the ALJ applied the five-step sequential evaluation process for determining whether an individual is disabled,[2] and concluded that Plaintiff was not under a disability, as that term is defined under the Social Security Act, from July 1, 2005 (i.e., the alleged onset date) through May 14, 2008 (i.e., the date of the ALJ's decision).  (Dkt. No. 15.)  More specifically, in reaching this conclusion, the ALJ made the following findings: (1) Plaintiff met the insured status requirements of the Social Security Act through December 31, 2010; (2) Plaintiff had not engaged in substantial gainful activity since July 1, 2005, the alleged onset date; (3) Plaintiff had the following medically determinable impairments considered "severe" under the Act: biopolar disorder and generalized anxiety disorder; (4) Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments found in 20

---

[2]      "In the first step, the ALJ determines whether the claimant has engaged in 'substantial gainful activity' since the alleged onset of the disability." *Doyle v. Astrue*, 08-CV-0641, 2009 WL 4893641, at *2 (N.D.N.Y. Dec. 15, 2009) (McAvoy, J.) (citing 20 C.F.R. § 404.1520[a][4][i]).  "If not, the next inquiry is whether the claimant suffers from a medically determinable 'severe' impairment established by medical evidence including signs, symptoms and laboratory findings." *Doyle*, 2009 WL 4893641, at *2 (citing 20 C.F.R. at § 404.1520[a][4][ii], § 404.1528).  "Severity is defined as significantly limiting an individual's physical or mental ability to do basic work activities." *Id*. (citing 20 C.F.R. at § 404.1521[a]).  "Should the claimant be suffering from a medically determinable severe impairment, the third step is to determine whether the impairment is listed, or is equal to any listing, in Appendix I, which specifies over 100 medical conditions that would prevent an individual from performing 'substantial gainful activity.'" *Id*. (citing 20 C.F.R. at §§ 404.1520[a][4][iii], 404.1525[a]).  "If so, the individual is considered 'disabled' under the Act and the inquiry ends. *Id*. (citation omitted).  "If not, the inquiry continues to the last two steps to determine whether the claimant has the [Residual Functional Capacity or "RFC"] to perform any past relevant work or other jobs that exist in the national economy, considering the claimant's age, education and work experience." *Id*. (citing 20 C.F.R. at § 404.1520[a][4][iv][v]; *Berry v. Schweiker*, 675 F.2d 464, 467 [2d Cir. 1982]).

CFR Part 404, Subpart P, Appendix 1 (the "Listings"); (5) Plaintiff retained the residual functional capacity ("RFC") to engage in sustained physical work activities at any level of exertion in jobs with simple tasks and in a low stress work environment; and (6) Plaintiff was capable of performing her past relevant work as an assembly worker or plater. (*Id*.)

Plaintiff appealed from the ALJ's decision to the Social Security Administration's Appeals Council. (T. at 8-13.) On September 23, 2008, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of Defendant. (T. at 5-7.) On November 4, 2008, Plaintiff commenced this action in federal court. (Dkt. No. 1.)

Generally, in her brief in support of her Complaint, Plaintiff asserts the following three arguments: (1) the ALJ failed to apply the appropriate legal standard when evaluating Plaintiff's residual functioning capacity; (2) the ALJ erred in assessing Plaintiff's credibility; and (3) the ALJ was obligated to consult a vocational expert before determining that she could perform her past relevant work. (Dkt. No. 10.) Generally, in his brief in response to Plaintiff's brief, Defendant opposes each of these three arguments, and argues that the Commissioner's decision should be affirmed. (Dkt. No. 12.)

### B. Magistrate Judge Bianchini's Report-Recommendation

On January 19, 2011, Magistrate Judge Bianchini issued a Report-Recommendation recommending that Plaintiff's motion for judgment on the pleadings be granted, that the Commissioner's motion be denied, that the decision of the Commissioner be reversed, and that the case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405 (g) for further administrative proceedings. (Dkt. No. 15.) Generally, in support of his recommendations, Magistrate Judge Bianchini found as follows: (1) the ALJ failed to

substantiate Plaintiff's RFC determination with substantial evidence or address Plaintiff's RFC determination in terms of work-related functions, as required by the applicable regulations; (2) the ALJ's analysis of Plaintiff's credibility was flawed; (3) the ALJ's analysis of Plaintiff's past relevant work did not take into account the relevant mental demands associated with that work; and (4) the ALJ's determination that Plaintiff should be denied benefits due to her substance abuse problem is flawed. (*Id*.)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review of Magistrate Judge Bianchini's Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[3] When only general objections are made to a magistrate judge's report-recommendation, or where the objecting party merely reiterates the same arguments taken in its original papers submitted to the magistrate judge, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22,

---

[3] On *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[4] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. Standard Governing Judicial Review of Defendant's Decision

Magistrate Judge Bianchini correctly recited the legal standard governing judicial review of Defendant's decision. (Dkt. No. 15.) As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

### III. ANALYSIS

Objections to the Report-Recommendation have not been filed in this case, and the time in which to do so has expired. As a result, the Court need review the Report-Recommendation only for clear error.

After carefully reviewing all of the papers in this action, including Magistrate Judge Bianchini's Report-Recommendation, the Court concludes that Magistrate Judge Bianchini's

---

[4] *See also Camardo v. Gen. Motors Hourly-Rate Empl. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

thorough Report-Recommendation is correct in all respects. (Dkt. No. 15.) Magistrate Judge Bianchini employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id*.) As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein. (*Id*.)

ACCORDINGLY, it is

**ORDERED** that Magistrate Judge Bianchini's Report-Recommendation (Dkt. No. 15) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is **GRANTED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 12) is **DENIED**; and it is further

**ORDERED** that Defendant's decision denying disability benefits is **REVERSED**; and it is further

**ORDERED** that this matter is **REMANDED** to Defendant for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Dated: March 24, 2011
Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge